## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Michael-LeRoy-De-Quan: Smith
TTEE,

Case No. 26-50514

                          Plaintiff,

Judith E. Levy
v.                                                                    United States District Judge

State Farm Insurance,

                          Defendant.

_____/

## ORDER DISMISSING THE CASE

On May 12, 2026, the Court entered an order to show cause ordering Plaintiff to inform the Court by May 29, 2026 whether he intends to initiate a civil case, and warned Plaintiff that failure to respond to the Court's order may result in dismissal of the suit.

To date, Plaintiff has not responded to the Court's order. As such, this case is dismissed without prejudice due to Plaintiff's failure to prosecute the case. *See* Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'"

*Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the

2

conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Here, Plaintiff did not respond to the Court's order and appears to have abandoned the case.

The second factor is not relevant because Defendant has not made an appearance in this case and, as such, is not prejudiced by Plaintiff's conduct.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, Plaintiff was informed that failure to respond to the Court's order may result in dismissal. (ECF No. 2.)

The fourth factor also favors dismissal. "[G]iven Plaintiff's failure to respond to the Court's Order . . . , [the Court] sees no utility in considering or imposing lesser sanctions." *Ostrander v. Smith*, No. 23-10803, 2024 WL 4888990, at *2 (E.D. Mich. Oct. 15, 2024), *report and*

3

*recommendation adopted*, No. 23-cv-10803, 2024 WL 4886046 (E.D. Mich. Nov. 25, 2024).

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case due to Plaintiff's failure to prosecute the case. *See* Fed. R. Civ. P. 41(b).

Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 4, 2026                         s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2026.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager

4